IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GWEN RUTH PRICER, *et al.*, | : | |
| Plaintiffs, | : | Case No. 2:05-cv-144 |
| v. | : | Judge Holschuh |
| SAMUEL BUTLER, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**ORDER**

This matter is before the Court on Defendants Fauquier County Department of Community Development, Fauquier County Building Inspections, Fauquier County Zoning Administration, Fauquier County Engineer and Soil Scientist Department, and Fauquier County Environmental Health Department's March 18, 2005 motion to dismiss (doc. 5) and Defendant Fauquier County Sheriff's Department's April 21, 2005 motion to dismiss (doc. 12). These County Defendants are seeking to dismiss Plaintiffs' complaint under Rule 12(b)(1),(2),(3), and (6) of the Federal Rules of Civil Procedure. Plaintiffs filed this action seeking compensatory, incidental, consequential, and punitive damages as well as attorney's fees for the alleged ongoing harassment they suffered as lessees while living in Virginia and for the mistreatment in legal matters performed by various attorneys.

**I. Facts.**

This action was filed by three *pro se* plaintiffs: Gwen Ruth Pricer; Randi Lee Eckhardt; and David C.M. Pricer. The complaint identifies the following Defendants: (1)

Samuel M. Bulter; (2) Betty C. Butler; (3) Michael W. Butler; (4) Roberta Butler; (5) Fauquier County Department of Community Development; (6) Fauquier County Building Inspections; (7) Fauquier County Zoning Administration; (8) Fauquier County Engineer and Soil Scientist Department; (9) Fauquier County Environmental Health Department; (10) Fauquier County Sheriff's Department; (11) S. Crisler Lindsay, Esq.; (12) C.P. Mosley; (13) Edna Mosley; (14) Stuart Michael Palmer, Esq.; and (15) Carrie Marie Varner.

An action identical to this action was first filed in the United States District Court for the Eastern District of Virginia. (Compl., p. 5). At the time of filing in Virginia, Plaintiff Gwen Ruth Pricer was a Virginia resident. The court dismissed the action as to all but one defendant because it lacked subject-matter jurisdiction. *Id.* The only surviving defendant was Carrie Marie Varner, an Ohio resident. The court determined that it had diversity jurisdiction over Varner. *Id.* Subsequently, Gwen Pricer moved to Ohio becoming an Ohio resident. Plaintiffs re-filed the suit in the United States District Court for the Southern District of Ohio. *Id.* Varner continues to be named as a Defendant.

The complaint states that while living in Virginia, Plaintiffs rented property from the Butler Defendants.[1] *Id*. at ¶ 1. The leased property had a cottage and a barn. The cottage became uninhabitable and Plaintiffs began living in a recreational vehicle in the barn. *Id.* The circuit box that provided electricity to the property was located on neighboring land. The neighboring land was also owned by the Butler Defendants; it

[1] The Butler Defendants are Betty C. Butler, Michael W. Butler, and Roberta Butler.

was rented to Mr. Lockhart, a non-party. *Id.* The complaint alleges that the Butler Defendants believed that Plaintiffs had not paid their rent. Because Plaintiffs had not paid their rent, the Butler Defendants purposely removed the circuit breaker from the neighboring land in an effort to shut off the electricity to the barn. *Id.*

The complaint contains numerous examples of alleged harassment performed by the Butler Defendants and aimed at Plaintiffs. It includes allegations that the Butler Defendants trespassed on the land, harassed and taunted Plaintiffs' horse, fired BB gunshots at Plaintiffs and their property, and destroyed and/or vandalized vehicles. *Id.* at ¶¶ 1-18. The Butler Defendants are further alleged to have dug trenches in the land, yelled obscenities at Plaintiffs, and to have spray painted the word "WHORE" on the "carcass" of a mobile home and put it at the entryway to the leased land. *Id.* at ¶¶ 4, 9, and 15-18. Defendants C.P. Mosley and Edna Mosley are alleged to have aided the Butler Defendants in their efforts to harass Plaintiffs. *Id*. at ¶¶ 10, 16, 17, and 18.

Plaintiff Gwen R. Pricer filed a complaint with the Fauquier County Sheriff's Department against Defendant Betty Butler after Pricer was allegedly hit in the back of the head and neck with a rock. *Id.* at ¶ 10. After Plaintiffs RV motor home had been vandalized, Gwen Pricer spoke with the Fauquier Sheriff's Department. Lt. Lasher allegedly told Pricer that Betty Butler admitted to destroying the RV, but the Sheriff's Department was not taking any action. *Id.* at ¶ 15.

With regard to Defendants Fauquier County Department of Community Development, Fauquier County Building Inspections, Fauquier County Zoning Administration, Fauquier County Engineer & Soil Scientist Department, and Fauquier County Environmental Health Department, in November 2000, the complaint alleges

that Gwen Pricer went to the offices of the Department of Community Development, Building Inspections, and Zoning Administration and complained about the conditions on the leased premises. *Id*. at ¶ 11. She also notified the County Engineer and Soil Scientist Department and the Environmental Health Department. Gwen Pricer continued to update these County Defendants of the substandard conditions on the leased property, but they did nothing to rectify the situation.

The complaint further alleges that in April 2002, Defendant S. Crisler Lindsay, Esq., "acting as counsel for the opposing side" tried to intimidate Gwen Pricer into settling this case. *Id*. at ¶ 19. In February 2001, Defendant Stuart M. Palmer entered an appearance as co-counsel for Gwen Pricer in another case. Defendant Palmer and the lead attorney eventually ceased to represent Pricer. In April 2002, during the course of court proceedings, Defendant Palmer, as well as others, "endeavored to create as much embarrassment" for Pricer as possible while she attempted to present her case to the Fauquier Circuit Court. *Id.* at ¶ 24. The complaint alleges that Defendant Carrie Marie Varner, an attorney, was paid a retainer by Plaintiffs to prepare a complaint and to act as counsel on the behalf of the Estate of Michael Pricer; however, Varner failed to fulfill these obligations. *Id.* at ¶ 25. Further, the unprofessional conduct of Varner was a result of her registering with the American Federation of State, County and Municipal Employees, which created a conflict of interest with her representation of Plaintiffs. *Id.* at ¶ 26.

**II. Arguments.**

Defendants argue that this Court is without subject-matter jurisdiction to hear this

case. Diversity jurisdiction does not exist because there is not complete diversity across the versus lines. Further, Defendants argue that Plaintiffs have failed to plead an alternative avenue for jurisdiction because they have not presented a federal question. However, even if this Court were to find subject-matter jurisdiction does exist, this Court lacks personal jurisdiction over these Defendants- not only does Ohio's long-arm statute fail to reach them, but if this Court were to exercise personal jurisdiction, it would not comport with federal due process.

Defendants next assert that if this Court were to decide that it could validly exercise jurisdiction over this action, the Southern District of Ohio is not a proper venue because none of the acts giving rise to the claim occurred in Ohio: these Defendants all reside in Virginia, and they have not consented to this Court's exercise of jurisdiction over them. The County Defendants further argue that Plaintiffs have not stated a claim against them because they are protected by sovereign immunity. Even if Plaintiffs could get past Defendants' claim of immunity, Plaintiffs have failed to comply with Virginia's legal prerequisites for filing suit against a county. Finally, if this Court determines that this case can be heard, it should be transferred pursuant to 28 U.S.C. § 1404(a) because Virginia is a more appropriate choice of venue.

**III. Subject-Matter Jurisdiction.**

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for the lack of subject-matter jurisdiction, "[t]he plaintiff bears the burden of establishing by a preponderance of the evidence, the existence of federal subject matter jurisdiction." *Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002). "When the party asserting federal jurisdiction finds its allegations challenged, it must

submit evidence substantiating its claims." *Id*. (citing *Amen v. City of Dearborn,* 532 F.2d 554, 560 (6th Cir. 1976)). If the court elects to decide whether it has jurisdiction based only on the pleadings submitted, the plaintiff is only required to make out a *prima facie* case of jurisdiction. *Id.* A *prima facie* case is established if "the plaintiff . . . provide[s] sufficient evidence to create a genuine issue of material fact as to the jurisdictional facts in question." *Id.*

**A. Diversity of Citizenship**

District courts may exercise diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states." 28 U.S.C. §1332(a)(1). Diversity jurisdiction requires complete diversity across the versus line. *Exxon Mobile Corp. v. Allapattah Serv., Inc.*, ____ U.S. ____, 2005 WL 1469477 (Mar. 23 2005); *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (1999). This means that no single defendant can be domiciled in the same state as any one of the plaintiffs. *Id.* The "party 'seeking to bring a case into federal court carriers the burden of establishing diversity jurisdiction.'" *Coyne,* 183 F.3d at 493 (quoting *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989)). It is uncontested that Plaintiffs are domiciled in Ohio. Plaintiffs' complaint further specifies that Defendant Carrie Marie Varner is an Ohio resident. Accordingly, complete diversity does not exist.

**B. Federal Question.**

An alternative basis for this Court's exercise of subject-matter jurisdiction is

federal question jurisdiction. *See* 28 U.S.C. § 1331. Federal question jurisdiction is established when the plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Vandenbroeck v. Contimortgage Corp*., 53 F. Supp. 2d 965, 967 (W.D. Mich. 1999) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Plaintiffs' complaint states that Randi Lee Eckhart is a disabled person who is protected by the provisions of the Americans with Disabilities Act ("ADA"). However, the complaint fails to identify any provision of the ADA that Defendants may have violated. The complaint also refers to the Fair Housing Act ("FHA"). Again, however, it fails to state how any of the Defendants violated the FHA. Even while taking all of Plaintiffs' allegations as true, reading it in a light most favorable to Plaintiffs, and giving it a more liberal construction because it was drafted by *pro se* plaintiffs, the complaint fails to raise a federal question.

Because this Court is without subject-matter jurisdiction to hear Plaintiffs' claims, Defendants other arguments do not need to be addressed. However, I will briefly note that even if Plaintiffs could establish some basis for subject-matter jurisdiction in this case, there are substantial questions regarding how this Court could exercise personal jurisdiction over all Defendants except Varner, who is a resident of the Southern District of Ohio. All the Defendants, except Varner, reside in Virginia. None of the Virginia Defendants are alleged to have entered Ohio or to have any other ties to the state. All of the acts complained of occurred in Virginia. These same facts make the Southern District of Ohio an improper venue. *See* 28 U.S.C. § 1391(a).

**IV. Conclusion.**

This Court does not have subject-matter jurisdiction in this case. Accordingly, Defendants Fauquier County Department of Community Development, Fauquier County Building Inspections, Fauquier County Zoning Administration, Fauquier County Engineer and Soil Scientist Department, and Fauquier County Environmental Health Department's March 18, 2005 motion to dismiss (doc. 5) and Defendant Fauquier County Sheriff's Department's April 21, 2005 motion to dismiss (doc. 12) are **GRANTED.** This action is **DISMISSED.** Because this Court lacks subject-matter jurisdiction to hear this case, Defendant Stuart Michael Palmer's July 1, 2005 motion to dismiss (doc. 27) is **MOOT**. Defendant Carrier Marie Varner's April 18, 2005 counterclaim (doc. 11) is **DISMISSED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** dismissing this case for want of subject-matter jurisdiction.

July 25, 2005

/s/ John D. Holschuh
John D. Holschuh, Judge
United States District Court